UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL D. FORD,<br><br>            Plaintiff,<br><br>    v.<br><br>PITTS,<br><br>            Defendant. | Case No. 1:22-cv-01065-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Marcel Ford ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on July 7, 2022.  (ECF No. 1).  The case was transferred to the Eastern District of California on August 23, 2022.  (ECF Nos. 6 & 7).

On December 13, 2022, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims.  (ECF No. 11).  The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint that is **no longer than twenty pages (including exhibits)**; or b. Notify the Court in writing that he wants to stand on his complaint."  (Id. at 12).

On December 29, 2022, Plaintiff filed his First Amended Complaint.  (ECF No. 12).

1

Plaintiff alleges that he was in a drug infested unit, that defendant Pitts refused to transfer Plaintiff from the unit, and that Plaintiff was assaulted by two inmates because he requested and filed a grievance and a "Title(15)."

The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons described in this order, will recommend that this action be dismissed for failure to state a claim.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a

plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.  SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

What follows is the Court's best understanding of Plaintiff's factual allegations in his First Amended Complaint.

Plaintiff told/asked defendant Officer Pitts to move him to another unit many times before he was attacked on October 10, 2020, by two inmates. The seventy-two pages of exhibits are well noted and show that defendant Pitts was more than aware that Plaintiff wanted to be moved from the dope and drug infested unit. However, Plaintiff did not and could not say why he wanted to be moved. Staff are not at all trusting, nor are they trustworthy.

Any officer can move an inmate regardless of rank. Defendant Pitts' failure to move Plaintiff led to a serious disregard to his health and safety.

Additionally, defendant Pitts retaliated against Plaintiff for finding and submitting a 602 and a "Title(15)." Plaintiff showed a negative side of himself by yelling and screaming out of his cell door for these two items. Defendant Pitts asked Plaintiff if he had been using drugs. Plaintiff told defendant Pitts if he had used drugs it is because staff were the main individuals bringing the drugs in. A week later, after filing a complaint, Plaintiff was brutally beaten by two inmates.

Regardless of the brutal beating, Plaintiff asked to be moved three times. Plaintiff did not want any part of the drug movement or use. An officer refused to move Plaintiff and he was hurt badly a very short time later.[1]

\\\
\\\
\\\

---

[1] Plaintiff does not name this officer, but defendant Pitts is the only defendant listed in this action. (ECF No. 12, pgs. 3-4).

3

### III. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather,

the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." Sandin v. Conner, 515 U.S. 472, 483 (1995). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002).

Plaintiff alleges that he was in a dope and drug infested unit, that he asked to be moved to another unit many times, and that the evidence shows that defendant Pitts was aware that Plaintiff wanted to be moved.

The Court finds that Plaintiff fails to sufficiently allege that defendant Pitts knew of and disregarded an excessive risk to Plaintiff's health or safety. Plaintiff alleges, in a conclusory fashion, that he was in a dope and drug infested unit, but he does not describe the conditions that he was allegedly forced to live and stay in.² Moreover, even if defendant Pitts was aware that Plaintiff wanted to be moved from the unit, there are no allegations suggesting that defendant Pitts was aware that the conditions on the unit posed an excessive risk to Plaintiff's health or safety. Plaintiff himself alleges that he did say why he wanted to be moved.

Accordingly, the Court finds that Plaintiff fails to state a conditions of confinement claim against defendant Pitts.

### C. Failure to Protect

To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). A prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate

---

² In the initial screening order, the Court identified this same deficiency in Plaintiff's original complaint. (ECF No. 11, pgs. 7-8) ("The Court finds that Plaintiff fails to state a conditions of confinement claim against defendant Pitts. Plaintiff alleges, in a conclusory fashion, that he was in a dope/drug infested unit and that the conditions 'shook' him to his core. However, Plaintiff does not describe the conditions that he was allegedly forced to live and stay in….").

1 ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.  "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'"  Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

Plaintiff alleges that he told/asked defendant Officer Pitts to move him to another unit many times before he was attacked on October 10, 2020, by two inmates, and that the evidence shows that defendant Pitts was aware that Plaintiff wanted to be moved.

The Court finds that Plaintiff fails to state a failure to protect claim against defendant Pitts.  Even if defendant Pitts was aware that Plaintiff wanted to be moved from the unit, there are no allegations suggesting that defendant Pitts was aware of a threat to Plaintiff's safety yet disregarded that risk.  In fact, Plaintiff alleges that he did not say why he wanted to be moved.

### D. Retaliation in Violation of the First Amendment

There are five basic elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

"'[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm,' *Brodheim*, 584 F.3d at 1269, that is 'more than minimal,' *Robinson*, 408 F.3d at 568 n.11.  That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage.  *Id.* at 569."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (alteration in original).

While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001).  Because filing administrative grievances and initiating civil litigation are protected

activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567.

Plaintiff alleges that defendant Pitts retaliated against him for finding and submitting a 602 and a "Title(15)." Plaintiff yelled and screamed out of his cell door for these two items. Defendant Pitts asked Plaintiff if he had been using drugs. Plaintiff told defendant Pitts if he had used drugs it is because staff were the main individuals bringing the drugs in. A week later, after filing a complaint, Plaintiff was brutally beaten by two inmates.

The Court finds that Plaintiff fails to sufficiently allege that defendant Pitts took an adverse action against Plaintiff because Plaintiff engaged in protected conduct. Plaintiff appears to allege that he was attacked by inmates because he engaged in protected conduct. However, it was not defendant Pitts who attacked Plaintiff, and there are no allegations, such as anything the inmates or defendant Pitts said or did, connecting the alleged attack to defendant Pitts.

Accordingly, the Court finds that Plaintiff fails to state a First Amendment retaliation claim against defendant Pitts.

### IV. CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court recommends that this action be dismissed for failure to state a claim, without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but failed to cure the deficiencies identified by the Court. Thus, it appears that further leave to amend would be futile.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:
1. This action be dismissed, with prejudice, for failure to state a claim; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **March 22, 2023**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE